IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES R. RICHARDSON, et al., | CASE NO. 1:18 CV 1308 |
| Plaintiffs, | |
| v. | JUDGE DONALD C. NUGENT |
| CVS CAREMARK CORPORATION, et al., | MEMORANDUM OPINION |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss filed by Defendants, CVS Pharmacy, Inc. and CVS Health Corp. (f/k/a CVS Caremark Corp.) (referred to collectively hereafter as "CVS"). (Docket #5.) CVS asks the Court to dismiss the instant lawsuit, arguing Plaintiffs, James R. Richardson, M.D. and Mansfield Internal Medicine, have failed to state claims for defamation or tortious interference and, that given the failure to state a claim for defamation or tortious interference, Plaintiffs are left with nothing to sustain their claim for respondeat superior liability.

I.  **Factual Allegations and Procedural History.**

On May 11, 2018, Plaintiffs, James R. Richardson, M.D. and Mansfield Internal Medicine, Inc., filed their Complaint against CVS in the Richland County Ohio, Court of Common Pleas, Case No. 2018-CV-0310, asserting claims against CVS for Slander/Defamation (Count I); Tortious Interference (Count II); and, Respondeat Superior Liability (Count III). On May 16, 2018, Plaintiffs filed their First Amended Complaint. On June 8, 2018, CVS removed

the case to this Court.

Plaintiffs allege that between May and June 2017, the CVS Health store located at 2049 West 4th Street, Mansfield, Ohio, refused to fill prescriptions for Plaintiffs' patients and told patients that the prescriptions could not be filled "because Plaintiffs were under investigation" for the improper dispensing of medications. (Complaint at Paragraphs 8-12.) Plaintiffs argue that no "independent investigation" concerning Plaintiffs' prescription practices took place and that there was no legitimate basis for CVS not to fill the prescriptions or to tell the patients that Plaintiffs were under investigation, since Plaintiffs never engaged in the improper dispensing of medications or engaged in the improper writing of prescriptions. (Complaint at Paragraphs 13-15.) Plaintiffs allege that the statements CVS employees made to Plaintiffs' patients were defamatory *per se*; tortiously interfered with Plaintiffs' business relationships with both current and prospective patients; and, that CVS Health is liable for the tortious conduct of its employees.

CVS filed its Motion to Dismiss on June 15, 2018. (Docket #5.) CVS argues that Plaintiffs' defamation and tortious interference claims fail as a matter of law because Plaintiffs do not allege that statements made to patients informing them of an investigation were false and that Dr. Richardson was in fact "under investigation" by CVS. With regard to Plaintiffs' tortious interference claim, CVS argues Plaintiffs have failed to plausibly allege the loss of a single business relationship or opportunity – let alone one CVS intended to bring about – and that Plaintiffs have failed to allege damages. Finally, CVS argues that because there is no legal basis for Plaintiffs' defamation and tortious interference claims, there lies no claim for respondeat superior liability.

On August 6, 2018, Plaintiffs filed their Response in Opposition. (Docket #13.) Plaintiffs argue that no "independent investigation" of Plaintiffs was taking place and, therefore,

there was no legitimate basis to tell Plaintiffs' patients this information or refuse to fill their prescriptions. Plaintiffs assert that they had not engaged in improper prescription practices and that CVS continued to fill Plaintiffs' prescriptions shortly thereafter. Plaintiffs assert that "the defamation which occurred here are the statements made to Plaintiffs' patients that their prescriptions could not get filled as a result of Plaintiffs' possible prior practice of improperly dispensing medications." (Id. at p. 12.) Plaintiffs argue that they have sufficiently pled their tortious interference claim and that the allegations set forth in the First Amended Complaint are sufficient to support their claim for respondeat superior liability.

On August 17, 2018, CVS filed its Reply Brief (Docket #15), reiterating its arguments that truth is a complete defense to Plaintiffs' defamation claim; that speaking the truth is a justification that precludes Plaintiffs' tortious interference claim; and, that aside from conclusory allegations, Plaintiffs do not sufficiently allege a loss of patients or prospective patients, damages, or the intent necessary to otherwise sustain their tortious interference claim.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 548, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). It is with this standard in mind that the instant Motion must be decided.

### III. Discussion.

#### A. Defamation.

Defamation under Ohio law requires (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and, (4) either actionability of the statement irrespective of special harm (such as defamation *per se*) or the existence of special harm caused by the publication. *See Fitzgerald v. Roadway Express, Inc.*, 262 F. Supp. 2d 849, 855 (N.D. Ohio 2003) (citing

-4-

*Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Servs., Inc.*, 81 Ohio App.3d 591, 601, 611 N.E.2d 955 (9th Dist. 1992)); *Shoemaker v. Community Action Org. of Scioto City. Inc.*, 2007 Ohio 3708 (Ohio Ct. App., Scioto County, 2007); *Gosden v. Louis*, 116 Ohio App. 3d 195, 687 N.E.2d 481 (Summit County 1996). "[T]ruth is a complete defense [to defamation] even if the words could be construed as defamatory." *Bukowski v. Hall*, 165 F. Supp. 2d 674, 679 (N.D. Ohio 2001) (citing *Kilroy v. Lebanon Correctional Inst.*, 61 Ohio Misc. 2d 156, 575 N.E.2d 903, 906 (Ohio Ct. Cl.1991)). In order for a statement to be true under Ohio law, a party need only show that the statement is "substantially true." *Id.*

Nowhere in the First Amended Complaint, or in briefing, do Plaintiffs allege that the statements made by CVS to Plaintiffs' patients – that CVS would not dispense certain prescriptions written by Plaintiffs because Plaintiffs were under investigation - were false. Plaintiffs appear to argue that the statements were defamatory because no investigation of Plaintiffs was occurring beyond that undertaken by CVS; because questions regarding Plaintiffs' prescription practices were ultimately resolved in Plaintiffs' favor; and, because statements made to patients that CVS was investigating Plaintiffs' could have been interpreted to mean that Plaintiffs acted illegally. However, truth is a complete defense to an action for defamation. There appears to be no dispute that CVS was in fact investigating Plaintiffs' prescription practices and, under Ohio law, it is not enough that a recipient could construe words to be defamatory. Accordingly, Plaintiffs' defamation claim (Count I) fails as a matter of law.

### B. Tortious Interference with a Business Relationship.

Under Ohio law, tortious interference with a business relationship or prospective business relationship occurs when "a person, without a privilege to do so, induces or otherwise purposely

causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 14, 1995 Ohio 66, 651 N.E.2d 1283, 1294 (1996). To establish tortious interference with a business relationship, Plaintiffs must show: "(1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and, (4) damages resulting therefrom." *Cooper v. Jones*, 2006-Ohio-1770, Ohio App. LEXIS 1606, at *4 (Ohio Ct. App., Jackson Cty., 2006). Ohio does not recognize a claim for negligent interference with a business relationship. *Brett v. Time Arner Cable Midwest, LLC*, Case No. 4:16 CV 1395, 2017 U.S. Dist. LEXIS 44341 (N.D. Ohio 2017)(quoting *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 2002 Ohio 3932, 148 Ohio App. 3d 596, 774 N.E.2d 775, 780 (Ohio Ct. App., Allen Cty., 2002)).

"Intentional" means that the alleged tortfeasor must have acted with the desire to bring about the interference or acted with substantial certainty that interference would occur. *Wellington Res. Group LLC v. Beck Energy Corp.*, Case No. 2:12 CV 104, 2013 U.S. Dist. LEXIS 167200 (S.D. Ohio 2013)(citing *Union of Needletraders, Indus. and Textile Employees AFL-CIO v. American Capital Strategies, Ltd.*, 546 F. Supp. 2d 546, 560-61 (S.D. Ohio 2008)). Tortious interference claims cannot lie for the dissemination of truthful information. *Contemporary Vills, Inc. v. Hedge*, Case No. 2:05 CV 170, 2006 U.S. Dist. LEXIS 41045 (S.D. Ohio 2006)(citing *Dryden v. Cincinnati Bell Tel. Co.*, 135 Ohio App.3d 394, 401, 734 N.E.2d 409, 414 (Ohio Ct. App., Hamilton Cty., 1999)); Restatement (Second) of Torts § 772.

The statements at issue alleged to have been made by CVS employees to Plaintiffs' patients were truthful, thereby defeating Plaintiffs' tortious interference claim and there are no

allegations to suggest that CVS employees – when informing Plaintiffs' patients of the reason why their prescriptions could not be filled – acted intentionally to cause a breach or termination of Plaintiffs' patient relationships. Plaintiffs allege no specific instances in which patients ended or chose not to enter into a business relationship with Plaintiffs as a result of the statements and make only conclusory statements regarding damages. Accordingly, Plaintiffs' tortious interference with business relationships claim (Count II) fails as a matter of law.

C.   **Respondeat Superior.**

A claim for respondeat superior liability cannot survive absent a valid substantive claim and, for the reasons stated above, Plaintiffs' underlying defamation and tortious interference claims fail as a matter of law. *Groob v. KeyBank*, 108 Ohio St. 3d 348, 2006-Ohio-1189, ¶ 42. Accordingly, Plaintiffs' respondeat superior claim must also be dismissed.

**IV.   Conclusion**

For the foregoing reasons, the Motion to Dismiss filed by Defendants, CVS Pharmacy, Inc. and CVS Health Corp., (Docket #5) is hereby GRANTED.

This Case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: August 31, 2018